Filed 8/26/16  P. v. Wilson CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RONZELL WILSON,<br><br>    Defendant and Appellant. | D069709<br><br>(Super. Ct. No. SCD260631) |


APPEAL from a judgment of the Superior Court of San Diego County, David M. Rubin, Judge.  Affirmed.

Kristen Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for the Plaintiff and Respondent.


Ronzell Wilson appeals after a jury found him guilty of possessing an assault weapon (Pen. Code, § 30605, subd. (a)) and the misdemeanor crime of having a concealed firearm in a vehicle (Pen. Code, § 25400, subd. (a)(3)).  The trial court placed Wilson on three years of formal probation and committed him to 90 days in jail.  The

court imposed various fines and fees and awarded 13 days of credit. Among other conditions of probation, the court ordered Wilson not to install kill switches on any electronic devices, and not to erase any social media accounts while on probation.

Wilson's court-appointed counsel has filed a brief raising no issues, but seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). We affirm the judgment.

FACTUAL BACKGROUND

On an evening in January 2015, San Diego Police Officer Richard Hinds was dispatched to a particular location after police received a report of shots being fired in the area. When Officer Hinds arrived at the scene, he saw several other officers and a police helicopter overhead. The police helicopter directed Officer Hinds's attention to a dark-colored SUV exiting an apartment complex. Officer Hinds, observing that the front windows of the SUV were tinted, flagged the vehicle over, and the driver stopped. The rear windows of the SUV "had a really dark tint" that impaired Officer Hinds's ability to see the occupants.

San Diego Police Officer Jennifer Severson obtained the driver's consent to search the SUV. Because of the "shots fired" nature of the call, the officers had the occupants leave the SUV one at a time. There was a female in the driver's seat, a male in the front passenger seat, two males in the second row, and Wilson was alone in the third row.

Officer Severson assisted Wilson exit the SUV. Wilson had a black bag across his shoulder, which Officer Severson had him leave on the seat. Officer Severson climbed

2

into the third row so that she could search the seating area. When she moved the bag Wilson had left on the seat, the barrel of a gun came out of the bag. At that point, she stopped searching, told her sergeant what she found, and alerted the other officers to put handcuffs on everyone. The gun had an extended 40 round magazine attached to it that contained 37 bullets. Gunshot residue testing on the five people in the SUV revealed a unique particle associated with gunshot residue in the sample from Wilson, but no residue on the other vehicle occupants. Wilson testified and denied that the black bag containing the gun belonged to him.

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings below. She presented no argument for reversal, but identified the following issues that "might arguably support the appeal" (*Anders*, *supra*, 386 U.S. at p. 744) whether: (1) sufficient evidence supported the jury's convictions; (2) trial counsel provided ineffective assistance of counsel for failing to object to the jury being able to handle and manipulate the gun and magazine during deliberations; and (3) the electronic search conditions of probation were unconstitutionally overbroad and vague. We offered defendant the opportunity to file a brief on his own behalf, and he has not responded.

Our independent review of the record pursuant to *Wende, supra*, 25 Cal.3d 436 and *Anders, supra*, 386 U.S. 738, including the issues referred to by appellate counsel, has disclosed no reasonably arguable appellate issues. Competent counsel has represented Wilson on this appeal.

DISPOSITION

The judgment (order granting formal probation) is affirmed.

McCONNELL, P. J.

WE CONCUR:

HALLER, J.

O'ROURKE, J.

4